■ In the Matter of the Claim of MICHAEL LESKIN, Respondent, v. SAVIN CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision of the Workmen's Compensation Board awarding $20 per week for nursing services rendered to the claimant by his wife. The board found that the injuries resulting from the accident caused a disabling condition for which continued nursing care from October 31, 1959 was necessary and that the carrier "having knowledge of the nature of the injury and of the necessity for practical nursing care, failed to provide said nursing care and therefore that the carrier is liable for the practical nursing care supplied by the claimant's wife from October 31, 1959" to the date of the amended decision, March 26, 1963. The carrier, on this appeal, stated the issue to be whether claimant required nursing services for the purpose of administering demerol, alleging that the claim was so limited. There is no contention as to the basic disability awards or that the claimant was totally disabled. The claimant, as the result of a back injury, underwent four surgical operations resulting in his being seriously handicapped as to mobility and a continuance of severe pain. To help alleviate the condition, by the doctor's orders and his own decision, he took various kinds of pain relievers, drugs and tranquilizers, one of which was injections of demerol. His doctor testified that he needed practical nursing and an impartial orthopedic specialist, after stating that there was no need for practical nursing, said: "The care as given by his wife is perforce

necessary because demanded by the patient as a consequence of his psychological attitude and behavior". The claimant's wife testified as to the tasks that she performed and that when she was away for three days, the appellants furnished a male nurse and paid $56 for his services. She further stated that she gave up her employment to remain at home and care for her husband, that she assisted him when he walked a little; she bathed him and gave him rubdowns; took his pulse and temperature and administered medicines. From the testimony of the need and services rendered, the board could properly determine that the wife rendered practical nursing services and the board was not limited to the narrow issue voiced by the appellants. It would appear that if the wife decided to return to work, the cost to the appellants would be substantially greater. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.