In the Matter of the Claim of ELLEN GALIOTO, Respondent, v JAY DEE TRANSPORTATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, July 10, 1980

**APPEARANCES OF COUNSEL**

*Peter M. Pryor (Joseph F. Manes* and *Victoria E. Manes* of counsel), for appellants.

*Robert Abrams, Attorney-General (Theresa E. Wolinski* and *Henriette Frieder* of counsel), for Workers' Compensation Board, respondent.

**OPINION OF THE COURT**

KANE, J.

We are called upon to decide whether the Workers' Compensation Law allows the board to direct an employer or its insurance carrier to provide homemaking services for an injured employee. In this case the facts are not in dispute.

Claimant sustained a compensable accident and thereafter required hospitalization and surgery. She had small children at home. The board has decided that homemaking services should be provided during the period of her hospitalization and for an extended time following surgery.

In our view, while the motive of the majority of the board panel in directing such service is commendable, there is no statutory authorization for such a direction. Subdivision (a) of section 13 of the Workers' Compensation Law provides, in relevant part, as follows: "The employer shall promptly provide for an *injured employee* such medical, surgical, optometric or other attendance or treatment, nurse and hospital service, medicine, optometric services, crutches, eye-glasses, false teeth, artificial eyes and apparatus for such period as the nature of the injury or the process of recovery may require." (Emphasis added.) We are unable to discover, from any reasonable reading of that statutory language, any obligation to provide services for the children of an injured claimant. Nor do we find any such authority in section 58 of the Workers' Compensation Law, which, in our view, merely directs workers' compensation coverage for those who provide housekeeping and nursing services as wage earners. Any expansion of the services to be provided injured employees under the Workers' Compensation Law is a matter for the Legislature.

The decision should be reversed, without costs, and the matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.