■ In the Matter of the Claim of JOHN MAMONE, Respondent, v CHARLES T. GRIEGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 22, 1986.

Claimant, a quadriplegic, sustained a compensable injury on October 4, 1957 and has been awarded benefits. The matter was before this court on a prior occasion when, on February 7, 1980, we affirmed a Workers' Compensation Board determination fixing the sum of $94 per day "for nursing services only", payable to claimant, who was in a private home under the care of a registered nurse who cared for him on a seven-day per week, 24-hour-a-day basis (74 AD2d 656). Thereafter, the employer's workers' compensation carrier requested the Board to reevaluate its responsibility for claimant's nursing needs, particularly the two full-time registered nurses at a cost of $110 per nurse per shift, or a monthly cost of $6,160. After a hearing wherein evidence was produced on behalf of claimant and the carrier, the Board determined that claimant's nursing needs required the services of a registered nurse for at least one eight-hour shift a day at a cost of $110, together with the services of a homemaker or housekeeper for at least four hours per day at a cost of $780 per month, and directed that payment in the sum of $4,000 per month be made to claimant or to the provider of the medical care. The monthly sum of $780 for home care services was fixed by the Board upon receipt of a letter by its Rehabilitation Department from the Contemporary Home Care Services, Inc., located in New York City, pursuant to a request for such information by a Board member.

On this appeal, the carrier objects to the use of this information obtained from the Board's Rehabilitation Department on the ground that it was obtained without an opportunity afforded to the carrier to cross-examine as to the information contained in the schedule of rates for homemaking services. We agree with the Board that, under the circumstances presented, because of its familiarity with the case and the lack of effort on the part of the carrier to submit costs for household services prior to submission of the matter to the Board, or to apply to rehear or reopen the issue within a reasonable

time, it possessed the right to determine the reasonable cost of health services necessary to adequately take care of claimant's needs *(see,* Workers' Compensation Law § 13 [a]; *Matter of Smith v Tompkins County Courthouse,* 60 NY2d 939, 941). In any event, we find that the carrier has waived any objection to the use of the cost for homemaking services by failing to submit any proof on the issue when given the opportunity to do so.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.