■ In the Matter of the Claim of GORDON HANEY, Respondent, v SCHIAVONE CONSTRUCTION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 765] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed July 29, 1991, which, *inter alia,* ruled that claimant's spouse was entitled to an increased payment for home care services.

Claimant sustained a compensable injury on or about December 18, 1980 and was thereafter awarded benefits. In

January 1984, an issue was raised regarding claimant's need for home care. Ultimately, a Workers' Compensation Law Judge classified claimant as being permanently totally disabled, granted home care seven days per week and directed the carrier to pay $525 per week from January 1, 1981 to date and continuing for home care services rendered by claimant's spouse. Neither the workers' compensation carrier nor the employer filed an appeal from that decision. Thereafter, on or about August 9, 1989, claimant requested a hearing seeking an increase in payments for the services rendered by his spouse from $525 per week to $1,000 per week based upon what was alleged to be the prevailing rate for nursing services. This request was ultimately granted and claimant was awarded increased home care payments retroactive to January 1, 1989. The carrier applied for review arguing, *inter alia,* that the Workers' Compensation Law did not provide for an increase in home care payments for services rendered by a spouse. The underlying decision was affirmed by the Workers' Compensation Board, and this appeal by the employer and carrier followed.

There is no dispute as to the nature and extent of claimant's disability or his need for home care services. Rather, the employer and carrier contend that the Board lacked the authority to modify its initial valuation of the home care services provided by claimant's spouse. We cannot agree. Workers' Compensation Law § 13 (a) provides, in pertinent part, that "[t]he employer shall be liable for the payment of the expenses of medical * * * or other attendance or treatment * * * for such period as the nature of the injury or the process of recovery may require", and it is clear that home care or nursing services provided by a claimant's spouse are reimbursable *(see generally, Matter of Nallan v Motion Picture Studio Mechanics Union,* 49 AD2d 365, 369-370, *revd on other grounds* 40 NY2d 1042; *Matter of Leskin v Savin Constr. Co.,* 21 AD2d 717; *Matter of Berkowitz v Highmount Hotel,* 281 App Div 1000). It is equally clear that the Board is not only vested with the authority to approve and fix the reasonable value of the services provided under Workers' Compensation Law § 13 (a) in the first instance *(see,* Workers' Compensation Law § 142 [1]), but that it retains continuing jurisdiction such that it may, except in circumstances not present here, "make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workers' Compensation Law § 123). As to the propriety of the Board's use of prevailing health cost data to

determine the reasonable value of the services provided by claimant's spouse, we are of the view that the Board's use of this data was entirely proper, particularly in view of the apparent failure by the employer and carrier to submit any proof on this issue (cf., Matter of Mamone v Griege, 135 AD2d 967). The remaining arguments raised on appeal have been examined and found to be lacking in merit.

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.