■ In the Matter of the Claim of ROBERT MANNING, JR., Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [603 NYS2d 214] —Weiss, P. J. Appeal from an amended decision of the Workers' Compensation Board, filed August 27, 1992, which ruled that claimant was entitled to reimbursement for various expenditures.

Claimant sustained grievous injuries while at work which rendered him a quadriplegic, totally and permanently disabled, requiring round-the-clock care by a specially trained registered nurse supplemented by a home health care attendant. The employer's workers' compensation insurance carrier contends that the Workers' Compensation Board erred in confirming the decision of the Workers' Compensation Law Judge (hereinafter WCLJ) which held that claimant was entitled to deduct from the employer's credit against the net proceeds of his third-party settlement, inter alia, the value of nursing and health care attendant services provided to him by his spouse even though he had not actually made payment to her.*

The carrier argues that while Workers' Compensation Law § 13 (a) requires an employer to "provide" an injured employee medical, surgical, optometric "or other attendance or treatment", in this case Workers' Compensation Law § 29 (1) must also be considered because claimant had a substantial

---

* The award required the carrier to arithmetically compute the amount of money due using tables in evidence provided by a social worker. The carrier acknowledged that claimant required the services on a 24-hour daily basis but argues that the spouse, a mother of two children and a housewife, could not herself have provided the services 24 hours every day for 21 years.

recovery from his third-party negligence action. Section 29 (1) affords an employer a lien for past benefits paid and/or a credit against the net proceeds of claimant's third-party settlement for future payment of benefits. Section 29 (4) requires that a carrier pay only the deficiency, if any, between the recovery from such lawsuit and the compensation provided or estimated for the case. The employer interprets these sections, when read together, to require that claimant pay the expenses himself and only when the proceeds of the third-party settlement have been exhausted should the carrier be required to make payments *(see, Matter of Dimaggio v International Chimney Corp.,* 285 App Div 226). Because claimant had not actually paid his wife nor become legally obligated to do so, the carrier contends that he had not *incurred* the expense and therefore it was not obligated to credit such amounts against the settlement proceeds.

It is fundamental that the Workers' Compensation Law is to be liberally construed to accomplish the economic and humanitarian objects of the statute *(Matter of Smith v Tompkins County Courthouse,* 60 NY2d 939, 941), which specifically includes "carrying out fairly and fully the legislative purpose" *(Matter of Clumber Transp. Corp. [Workers' Compensation Bd.],* 160 AD2d 1186, 1187).

The employer and carrier in their brief candidly concede that medical care and treatment for which they are responsible includes, in this case, nursing and home care attendants (Workers' Compensation Law § 13 [a]; *see, Dimaggio v International Chimney Corp., supra).* This holds true whether the services are performed by claimant's spouse or another *(see, Matter of Haney v Schiavone Constr.,* 195 AD2d 628; *Matter of Nallan v Motion Picture Studio Mechanics Union,* 49 AD2d 365, 369-370, *revd on other grounds* 40 NY2d 1042; *Matter of Leskin v Savin Constr. Co.,* 21 AD2d 717; *Matter of Berkowitz v Highmount Hotel,* 281 App Div 1000).

We further find substantial evidence in the record to support the decision with respect to the need for the care *(see, Matter of Mamone v Griege,* 135 AD2d 967). The Board has authority to approve and fix the reasonable value of the services provided and to use prevailing health cost data to determine the reasonable value of the services provided by claimant's spouse *(see, Matter of Haney v Schiavone Constr. Co., supra; Matter of Mamone v Griege, supra).* However, we do find that the award fails to take into account the time during which claimant's wife was required to sleep and to attend to her own personal needs and the needs of other members of

the family. It was physically impossible for claimant's wife to devote the same amount of time to claimant's daily care as would have been provided by two or more separate health care providers from outside the home. This is not to say that claimant received inadequate care or that claimant is not entitled to credit for the care provided by his wife. Rather, the value of that care must be determined on a basis that reflects the realities of the situation. The Board should therefore be required to recalculate the value of the services provided by claimant's wife.

We further find that the record lacks evidence to support the inclusion of medical insurance or snow removal as expenditures required by claimant's condition, making the deduction of the cost of these items from the carrier's credit inappropriate. We further find that payment of the reimbursement of the costs for the wife's services must be made to claimant, not to the spouse (see, Matter of Nallan v Motion Picture Studio Mechanics Union, supra, at 370).

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the amended decision is modified, without costs, by reversing so much thereof as awarded payment for nursing and attendant care directly to claimant's spouse and reduced the carrier's credit by claimant's expenditures for medical insurance and snow removal; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.