■ DAVID P. BROWN, Respondent, v MR. SECONDS BUILDING MATERIAL, DIVISION OF GROSSMANS LUMBER, et al., Defendants. POOLE TRUCK LINES, INC., Appellant. [612 NYS2d 531] —Order unanimously affirmed with costs. Memorandum: This proceeding is collateral to an action commenced by plaintiff David P. Brown, a truck driver, against defendant Mr. Seconds Building Material (Mr. Seconds) to recover for personal injuries sustained by plaintiff as the result of the negligence of Mr. Seconds' employees in their "use or operation", i.e., unloading *(see generally, Kessler v Liberty Mut. Ins. Co.* [appeal No. 3], 158 AD2d 974, 975; *Matter of 20th Century Ins. Co. [Lumbermen's Mut. Cas. Co.],* 80 AD2d 288, 290; 11 NYCRR 65.12 [e]), of a truck owned by plaintiff's self-insured employer, Poole Truck Lines, Inc. In this proceeding, Poole, which paid approximately $27,000 in no-fault benefits to plaintiff, asserts a lien in that amount pursuant to Insurance Law § 5104 (b) against the proceeds of plaintiff's $75,000 recovery by settlement from Mr. Seconds. We conclude that, because Mr. Seconds is a "covered person" within the meaning of the No-Fault Law (Insurance Law § 5102 [j]; *see generally,* Insurance Law § 5102 [b]; § 5104 [a], [b]), Poole is not entitled to assert a lien against the settlement proceeds paid by Mr. Seconds *(see,* Insurance Law § 5104 [b]). We reject Poole's contention that Mr. Seconds was not the occupant or user of the vehicle, and thus not a "covered person". The statutory phrase "covered person" is not limited to individuals, and a corporation necessarily acts through its agents. Defendant was using the vehicle by virtue of its employees' occupancy and use. Because a suit against the employees would have been predicated on their "use" of the vehicle, suit against the employer likewise was predicated on use of the vehicle, thereby rendering plaintiff's suit against Mr. Seconds one by a "covered person against another covered person" (Insurance Law § 5104 [a]; *cf.,* Insurance Law § 5104 [b]). A contrary conclusion would distort the statutory scheme as well as the common-law concept of an employer's vicarious liability. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Lien Law.) Present—Denman, P. J., Green, Lawton, Wesley and Callahan, JJ.