■ In the Matter of EUGENE D. RAPONI et al., Respondents, v ORANGE & ROCKLAND UTILITIES, INC., et al., Appellants. [633 NYS2d 243] —Mikoll, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered November 14, 1994 in Sullivan County, which granted petitioners' application, in a proceeding pursuant to Workers' Compensation Law § 29 (5), to apportion settlement proceeds.

While in the course of his employment, petitioner Eugene D. Raponi (hereinafter Raponi) was involved in a motor vehicle accident on May 2, 1991 in which he suffered catastrophic injuries, rendering him a quadriplegic. Raponi commenced a personal injury action against the owner and operator of the other vehicle, joined in the action by his wife, petitioner Marcia Raponi (hereinafter petitioner), who sought damages for loss of consortium. The action was settled for an unapportioned $100,000, the full amount of the liability insurance coverage available in the personal injury action. Respondents, who provide Raponi with workers' compensation benefits relating to his injuries, consented to the settlement but declined to release their lien.

Petitioners commenced this proceeding to apportion the settlement proceeds, seeking to provide petitioner with the bulk of the settlement. After a hearing in which respondents called no witnesses and relied only upon their cross-examination, Supreme Court found that the $100,000 settlement had to cover the several million dollars in damages suffered by both petitioners. The court also found that the substantial services being rendered by petitioner for and on behalf of her severely disabled husband were of a nature which, if not done by her on an unpaid basis, would have required significant workers' compensation payments to provide. Weighing petitioner's otherwise uncompensated loss against the insurer's gain, Supreme Court concluded that she should receive the net proceeds of the limited fund. Respondents appeal.

Supreme Court has broad discretion in framing an order under Workers' Compensation Law § 29 (5) consistent with the interests of the parties (*see, Schnabel v Grimes*, 31 AD2d 375, 378). The record supports Supreme Court's exercise of discretion in its apportionment of damages (*see, Matter of Manning v Niagara Mohawk Power Corp.*, 198 AD2d 561) where petitioner, as here, has been required to render services which if paid for by respondents would exceed the value of the settlement proceeds (*see, Matter of Haney v Schiavone Constr.*, 195 AD2d 628).

In large measure, Workers' Compensation Law § 29 is designed to prevent an injury victim from receiving a double recovery (*see, Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.]*, 76 NY2d 248, 252, 254). Such does not occur when a spouse receives an award for loss of services and respondents have no lien on the spouse's award. While an apportionment of 100% of a settlement to a loss of services claim could be an area of abuse, where such a claim, in its own right, far exceeds the available funding, that potential is lessened.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.