■ In the Matter of the Claim of ROBERT MANNING, JR., Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [650 NYS2d 431] —Carpinello, J. Appeals from two decisions of the Workers' Compensation Board, filed February 24, 1995 and December 27, 1995.

Nearly 35 years ago, in February 1962, claimant was rendered a quadriplegic as the result of a work-related accident that occurred while claimant was in the employ of Niagara Mohawk Power Corporation. Following the accident, claimant's wife, a registered nurse, provided claimant with a range of nursing and related services. Claimant thereafter sought reimbursement for the value of his wife's services pursuant to Workers' Compensation Law § 13 (a). In an earlier decision, we held that claimant was entitled to reimbursement of the value of these services and remitted the case to the Workers' Compensation Board to calculate the reasonable value of those services (198 AD2d 561).

On remittal, hearings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ). Claimant and his wife had moved from St. Lawrence County to California in 1985; therefore, in determining the value of the services provided by claimant's wife, the WCLJ made separate findings as to the value of the services rendered in California and the value of the services rendered in New York. The WCLJ found that during the time the parties resided in New York, claimant's wife provided registered nursing services for four hours per day, practical nursing services for four hours per day and attendant services for eight hours per day. The WCLJ

also found that during the time the parties resided in California, claimant's wife provided registered nursing services for 10 hours per day and attendant services for six hours per day. This decision was affirmed by the Workers' Compensation Board.

In a subsequent decision, the WCLJ clarified his prior decision by calculating practical nursing fees in the St. Lawrence County area based upon the rate paid to registered nurses, and by using a tentative rate for registered nursing fees in California. The WCLJ awarded claimant $504,808.06 for nursing care in New York and $695,840.97 for nursing care in California. The Board affirmed the WCLJ's decision and further found that the employer's insurance carrier was entitled to a credit of $387,698.20, based upon claimant's third-party recovery. The employer and its insurance carrier (hereinafter collectively referred to as the employer) appeal these decisions of the Board, claiming that they are not supported by substantial evidence.

Workers' Compensation Law § 13 (a) provides that "[t]he employer shall be liable for the payment of the expenses of medical * * * or other attendance or treatment * * * for such period as the nature of the injury or the process of recovery may require". We have previously held that home care or nursing services provided by a claimant's spouse are reimbursable (*see, Matter of Manning v Niagara Mohawk Power Corp.*, 198 AD2d 561, *supra*; *Matter of Haney v Schiavone Constr.*, 195 AD2d 628, 629). Further, we have noted that "[t]he Workers' Compensation Law is remedial in nature and should be liberally construed so as to effectuate the economic and humanitarian objects of the act" (*Matter of Simpson v Glen Aubrey Fire Co.*, 86 AD2d 909, 910).

The employer first argues that there was no substantial evidence in the record to support the Board's finding that claimant's wife performed 10 hours of registered nursing services a day in California but only four hours of registered nursing services a day while in New York. We disagree. Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180). In 1994, claimant's wife testified at length as to claimant's medical condition and the care that she provides to him on a daily basis. There is ample evidence that claimant's condition has deteriorated markedly. Claimant's wife testified that claimant has had problems with fluctuations in his blood pressure since approximately 1987. Because claim-

ant is both hypotensive and hypertensive, claimant's wife testified that she has to monitor his condition constantly or else place him in risk of sustaining stroke, heart attack or shock. When claimant and his wife resided in New York, an aide came in during the night so that claimant's wife could sleep. However, she was unable to retain an aide in California and as a result she sleeps no more than four hours each night.

Further, because they are no longer able to afford physical therapy, the condition of claimant's bones has deteriorated. Beginning in 1993, claimant began to suffer from open sores on his back, hips, thigh, knees and heel, requiring claimant's wife to irrigate the wounds with saline and dress them three times a day. She testified that she was essentially rendering registered nursing care 24 hours a day. Having considered the record evidence in this case, we find that there is substantial evidence to support the Board's finding that claimant's wife rendered 10 hours of registered nursing care a day in California.

We also find that the Board correctly used the rate for registered nurses in determining the value of practical nursing services provided by claimant's wife during the period they resided in New York. There is some evidence in the record that there were no licensed practical nurses in St. Lawrence County until 1986, *after* claimant and his wife had already moved to California. Since it appears from the record that only registered nurses were available to perform the functions of licensed practical nurses at the time claimant and his wife resided in St. Lawrence County, we find that the Board's decision to calculate the value of the services rendered based upon the rate for registered nurses is reasonable.

We have considered the employer's remaining arguments and find them to be without merit.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.