■ In the Matter of the Claim of MARCELLA ROCHEL, Respondent, v GARDINER MANOR MALL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [688 NYS2d 260] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed July 19, 1996, which, *inter alia,* ruled that claimant had sustained a permanent total disability.

Claimant was injured in April 1982 in the course of her employment as the general manager of a shopping mall. She was attempting to assist a security guard in subduing a knife-wielding individual when a guard dog she held by a leash lunged forward, causing her to fall. In October 1983, accident, notice and causal relationship were established and claimant subsequently received awards based on the finding that she had sustained a permanent partial disability. Awards were made for the periods of time she lost from work and, in August 1987, claimant was classified as permanently partially disabled due to continuing pain and lack of mobility.

Four years later, based upon representations that claimant's condition had worsened, her case was reopened and she was ultimately reclassified as permanently totally disabled, effective December 19, 1991. In addition to ordinary compensation benefits, claimant was awarded funds for housekeeping services from that date forward. This determination, subsequently affirmed by the Workers' Compensation Board, prompted the instant appeal.

Substantial evidence supports the Board's decision that claimant's degree of disability had deteriorated from a permanent partial disability in August 1987 to a permanent total disability as of December 1991, justifying the award of benefits (*see,* Workers' Compensation Law § 15 [5-b]). Ample proof of

claimant's permanent total disability is set forth in the record, including medical test results, numerous clinical reports and the deposition testimony of claimant's treating physicians. This evidence is fully consistent with that presented by an independent Board examining physician. While the employer's medical experts opined that claimant's disability had not worsened to the level of a permanent total disability, such conflicts in medical proof lie within the province of the Board to resolve (*see, Matter of Uhler v A & P*, 242 AD2d 754; *Matter of Ubban v County of Westchester*, 195 AD2d 726, 727).

The housekeeping services awarded by the Board were also authorized. Workers' Compensation Law § 13 (a), which is to be liberally construed "to effectuate [its] economic and humanitarian objects" (*Matter of Simpson v Glen Aubrey Fire Co.*, 86 AD2d 909, 910), renders an employer liable for the payment of expenses for services required by the "nature of the injury". As claimant's inability to perform routine but necessary household tasks was clearly established by the medical evidence, this award is fully justified (*see, e.g., Matter of Manning v Niagara Mohawk Power Corp.*, 233 AD2d 803, 804, *lv dismissed* 89 NY2d 1029; *Matter of Haney v Schiavone Constr.*, 195 AD2d 628, 629; *cf., Matter of Galioto v Jay Dee Transp.*, 75 AD2d 348).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.