OPINION OF THE COURT
John P. Lane, J.
This action arises from an accident that occurred on March 4, 1994 when plaintiff, then a 23-year-old employee of National Auto Sales, was injured while assisting in unloading a trailer his employer had leased from defendants. Plaintiff alleged that he sustained spinal injuries and sought and obtained compensation and medical benefits from Universal Underwriters Insurance Company, his employer’s compensation carrier.
The trial, which was bifurcated, produced a liability verdict that defendants’ negligence was the sole proximate cause of the accident. Counsel for the parties then advised the court of their preverdict agreement that such a finding would trigger a settlement in plaintiffs favor for $600,000.
Universal asserts a lien for $150,277.79 on the settlement amount for past compensation and medical benefits paid to plaintiff as of January 19, 2001. Plaintiff contends that Universal has no lien and seeks an order directing Universal to pay $152,454.80 for its share of litigation costs.
“When a workers’ compensation claimant recovers damages in a third-party action, the compensation carrier’s equitable share of litigation costs incurred by the claimant may be apportioned on the basis of the total benefit that the carrier derives from the claimant’s recovery” (Matter of Kelly v State Ins. Fund, 60 NY2d 131, 135). The carrier has a lien on the claimant’s recovery in that action in an amount equal to the amount of the past compensation it has paid. Workers’ Compensation Law § 29 requires that litigation costs be equitably apportioned to ensure that the compensation carrier assumes its full share of those costs. The determination of what constitutes equitable apportionment of litigation costs is *752 left to the courts (see, Matter of Kelly v State Ins. Fund, supra at 138).
The lien afforded compensation insurance carriers does not extend to compensation and/or medical benefits paid in lieu of first-party benefits that “another insurer would have otherwise been obligated to pay” under article 51 of the Insurance Law (see, Workers’ Compensation Law § 29 [1-a]). Insurance Law § 5103 (a) provides in pertinent part that required policies of liability insurance issued to the owners of motor vehicles shall provide for the payment of first-party benefits to persons, other than the occupants of another vehicle or a motorcycle, for losses arising out of the “use” of the insured vehicle. For the definition of “motor vehicle,” Insurance Law § 5102 refers to section 311 of the Vehicle and Traffic Law. As defined in that statute, the term includes trailers, semitrailers and nonagricultural tractors.
A person such as plaintiff who is loading or unloading a parked tractor trailer is “using” the vehicle within the meaning of Insurance Law article 51 (see, Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211; Brown v Mr. Seconds Bldg. Material, 204 AD2d 1027; Kessler v Liberty Mut. Ins. Co., 158 AD2d 974). Thus, Universal’s right to recover the first $50,000 in compensation and medical benefits paid is limited to an arbitration claim against Ryder’s insurer (see, Insurance Law § 5105). Plaintiff’s contention that the first $50,000 of compensation and medical benefits provided him must be deducted from the lien asserted by Universal is correct (see, Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.], 76 NY2d 248; Brown v Mr. Seconds Bldg. Material, 204 AD2d 1027, supra; Matter of Briggs v Kansas City Fire & Mar. Ins. Co., 121 AD2d 810), and its lien is fixed at $100,277.79.
In this case, plaintiff’s litigation expenses total $4,612.99. Reducing his recovery by that' amount, his attorneys are entitled to $198,462.33 as their fee. Plaintiff’s total litigation costs ($203,075.32) amount to 33.8459% of his gross recovery of $600,000. Applying that litigation cost factor to Universal’s adjusted lien for past benefits ($100,277.79), its entitlement to recover on its lien claim is initially reduced to $66,337.87.
The litigation cost factor may also be applied to the present value of estimated future benefits following recovery by a plaintiff in an action against a third party (see, Matter of Kelly v State Ins. Fund, 60 NY2d at 135, supra). However, such an apportionment is not appropriate when the amount of future benefits to be paid cannot be determined with reasonable *753 certainty (see, Matter of McKee v Sithe Independence Power Partners, 281 AD2d 891; Matter of Briggs v Kansas City Fire & Mar. Ins. Co., 121 AD2d 810, supra).
Proceedings before the Workers’ Compensation Board resulted in a finding that plaintiff was permanently partially disabled to a moderate to marked degree, which qualified him for weekly compensation benefits of $177.78 for the rest of his life. Plaintiff contends that the present value of plaintiffs future compensation benefits is $148,037, a figure Universal does not challenge. To equitably apportion litigation costs against the total benefit Universal will achieve from the settlement, plaintiff is entitled to a further credit of $50,104.45, leaving a balance owed Universal on its lien of $16,233.42.
Plaintiff also argues that he is entitled to a credit for an equitable share of litigation costs apportioned to the present value of future medical benefits that have been estimated by Alan C. Winship, a vocational rehabilitation specialist retained to prepare a vocational assessment and life care plan for plaintiff. According to Winship’s affidavits, his conclusions are based upon plaintiff’s medical records and interviews with plaintiffs treating physicians and health care providers. In particular, he relied upon information obtained from the office records of Dr. Robert J. Plunkett, a neurosurgeon who first examined plaintiff in March 2000, and discussions with Plunkett’s staff to determine the costs of future medical procedures.
Based on Winship’s life care plan, Ronald R. Reiber, an economist, has calculated the total estimated cost of plaintiffs future medical expenses, using a 4% inflation rate, to be $1,858,785 and its present value, using a 5.7% interest rate, to be $505,271. Plaintiff contends that his litigation costs should be equitably apportioned to the present value of the projected future medical expenses. Using the 33.8459% litigation cost factor, this would create a further credit in his favor of $171,013.51 eliminating the $16,233.42 balance on Universal’s lien claim and requiring it to pay $154,780.09 as an additional equitable share of litigation costs.
Matter of Kelly v State Ins. Fund (60 NY2d 131, supra), upon which plaintiff relies, does not support this argument. In Kelly, the Court of Appeals approved assessing the carrier’s equitable share of litigation costs against the present value of future death benefits that were not necessary due to the recovery obtained in an action arising from a construction accident. In doing so, it noted that the value of future compensation benefits is not so speculative that it would be improper to estimate and *754 assess litigation costs against this benefit to the carrier (see, Matter of Kelly v State Ins. Fund, supra at 135).
Compensation is defined as the money allowance paid to an injured employee or his dependents, including funeral benefits (see, Workers’ Compensation Law § 2 [6]). This definition does not encompass medical care and treatment which is payable to the medical provider (see, Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 2, at 19). It follows that when the injured employee recovers in a third-party action, the credit to the carrier provided by Workers’ Compensation Law § 29 (4) does not apply to future medical benefits. This reading is consistent with the lien provided a carrier against the proceeds of a third-party action, which specifically includes established expenses for medical treatment as well as compensation (see, Workers’ Compensation Law § 29 [1]). As the carrier does not receive a credit with respect to future medical treatment, it should not be required to contribute further to the costs of the litigation.
Moreover, there is no method by which the present value of plaintiffs future medical benefits can be determined at this time with reasonable certainty (see, Matter of Briggs v Kansas City Fire & Mar. Ins. Co., 121 AD2d 810, supra). The future medical costs Winship projects are clearly speculative. According to the affidavit of his orthopaedic surgeon, Dr. James J. White, Jr., plaintiff has undergone two surgeries to repair injuries to his spine that were caused by the accident. Dr. White’s affidavit does not address the need for future medical procedures and their costs. At the least, plaintiff should have submitted an affidavit from Dr. Plunkett or other admissible evidence covering those subjects. Winship’s projections in this respect are beyond his qualifications. His opinions based on Dr. Plunkett’s reports and records that have not been submitted in evidentiary or affidavit form and upon conversations with Plunkett’s employees are clearly inadmissible. While a vocational specialist may give opinion testimony on employment opportunities based on a labor market survey conducted by telephone (see, Greene v Xerox Corp., 244 AD2d 877, lv denied 91 NY2d 809), that rule should not be extended to allow informal assessment of the need for and cost of future medical procedures as plaintiff suggests. Finally, the need for future medical procedures and their costs are matters to be determined by the Workers’ Compensation Board if and when plaintiff applies for that intervention (see generally, Matter of Manning v Niagara Mohawk Power Corp., 198 AD2d 561, 562; *755 Workers’ Compensation Law §§ 13, 142). For those reasons, it will serve no purpose to hold, a hearing at which Winship would testify, as plaintiff proposes.
Accordingly, Universal is entitled to recover $16,233.42 from plaintiffs settlement.