Peters, J.
Appeal from a decision of the Workers’ Compensation Board, filed May 1, 2001, which ruled that claimant had sustained a permanent partial disability.
In 1992, claimant reported injuries to her arms as a result of production work performed for the employer. In 2000, a Workers’ Compensation Law Judge found that claimant was perma *726 nently partially disabled and the disability was moderate in severity. The Workers’ Compensation Board affirmed this determination. Noting the conflicting medical evidence, the Board found that the testimony and report of orthopedic surgeon Matthew Landfried, with whom claimant treated, created sufficient evidence for the classification rendered. The employer and its workers’ compensation carrier appeal and we affirm.
As “conflicts in medical proof lie within the province of the Board to resolve” (Matter of Rochel v Gardiner Manor Mall, 259 AD2d 840, 841 [1999]), we agree that there was substantial evidence in this record to support the determination. Landfried first saw claimant in December 1992. He later performed carpal tunnel release surgery on claimant’s hands. By May 1993, claimant began complaining of pain in her elbows, later complaining of problems in her right shoulder. Landfried then performed a right ulnar nerve transposition surgery and, although she was asymptomatic by February 1998, he placed her under lifting restrictions and precluded her from performing repetitive activities with her upper extremities.
Landfried diagnosed claimant as suffering from accumulative trauma syndrome as a result of her work-related injuries. He opined that based on the workers’ compensation medical guidelines, claimant should be classified, due to this chronic pain and condition which remains progressive or nonstable. Landfried based his belief that she should be classified, rather than scheduled, because if claimant returned to repetitive work, she would become symptomatic.
Orthopedic surgeon Richard Della Porta submitted a narrative report in August 1997 which also diagnosed claimant as having a moderate partial disability. He indicated the same restrictions as did Landfried and also opined that claimant was not stable enough for a final adjustment. While we recognize that the carrier’s orthopedic expert, Mark Goodman, testified that only some of claimant’s injuries were causally related to her employment and that had he to assume otherwise, he would not find her symptoms so severe or disabling for classification under the workers’ compensation guidelines, “[t]he fact that claimant does not exhibit all of the specific limitations set forth in the guidelines does not compel the Board to find that claimant is not . . . disabled” (Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 612 [2002]).
With the Board resolving the conflict in medical proof in claimant’s favor and with such determination supported by substantial evidence, we find no reason to disturb the award *727 rendered (see Matter of Rochel v Gardiner Manor Mall, supra at 841; Matter of Andrews v T & G Floor & Wall Covering, 122 AD2d 355, 355 [1986]).
Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.