■ In the Matter of the Claim of RAYMOND BUCKNER, Appellant, v BUCKNER & KOUROFSKY, LLP, Respondent, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [58 NYS3d 743]—

Aarons, J. Appeal from a decision of the Workers' Compensation Board, filed December 7, 2015, which ruled that reimbursement for home health care services provided to claimant were payable directly to the family member.

Claimant established a claim for multiple work-related injuries as a result of a stroke that has rendered him hemiplegic and wheelchair bound, and he has been classified with a permanent total disability. As a result of his injuries, claimant is in need of home health care services, some of which are authorized to be provided by claimant's wife. By notices of decisions dated November 29, 2013 and December 20, 2013, the Workers' Compensation Law Judge (hereinafter WCLJ) directed that the State Insurance Fund reimburse claimant for the home health care services provided by claimant's wife. Thereafter, by decision filed April 6, 2015, the WCLJ, among other things, directed instead that reimbursement for such services provided by claimant's wife be paid directly to her. Claimant appealed, asserting that the award for reimbursement of the cost of the home health care services provided by his wife are payable directly to him. The Workers' Compensation Board affirmed the WCLJ's decision, and this appeal by claimant ensued.

We find that the Board erroneously concluded that payment

should be made directly to claimant's wife. This Court has previously held "that payment of the reimbursement of the costs for [a spouse's] services must be made to [the] claimant, not to the spouse" (*Matter of Manning v Niagara Mohawk Power Corp.*, 198 AD2d 561, 563 [1993]; *see Matter of Nallan v Motion Picture Studio Mechanics Union, Local No. 52*, 49 AD2d 365, 370 [1975], *revd on other grounds* 40 NY2d 1042 [1976]). The Board's interpretation and reliance on *Matter of Perrin v Builders Resource, Inc.* (116 AD3d 1208 [2014]) to reach a different conclusion is misplaced. The issue in *Matter of Perrin* was whether the claimant was aggrieved by the pay rate set for the home health aide services provided by the claimant's sister. In concluding that the appeal therein must be dismissed because the claimant was not aggrieved, this Court did not, as found by the Board, tacitly overrule any prior decisions of this Court with regard to whom reimbursement of payments is to be made with regard to home health care services provided by a spouse or family member. As we find no basis to depart from this Court's prior case law that, under such circumstances, "[t]he amount of the award . . . must be paid only to the claimant," the Board's decision must be reversed (*Matter of Nallan v Motion Picture Studio Mechanics Union, Local No. 52*, 49 AD2d at 370, citing Workers' Compensation Law §§ 25, 33; *see Matter of Manning v Niagara Mohawk Power Corp.*, 198 AD2d at 563; *see generally Employer: Town/Village of Harrison*, 2013 WL 4778411, *2, 2013 NY Wrk Comp LEXIS 7969, *5 [Sept. 3, 2013, WCB No. 3060 6530]; *Employer: Saratoga Media Group*, 2010 WL 2818016, *2, 2010 NY Wrk Comp LEXIS 6464, *4-5 [July 19, 2010, WCB No. G005 3414]).

Peters, P.J., Rose, Mulvey and Pritzker, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.