Matter of Whitney v Pregis Corp. (2021 NY Slip Op 06898)





Matter of Whitney v Pregis Corp.


2021 NY Slip Op 06898


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532151
[*1]In the Matter of the Claim of Keith G. Whitney, Respondent,
v
Pregis Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Walsh and Hacker, Albany (Kelly B. Dean of counsel), for appellants.
Law Firm of Mary J. Mraz, Albany (Mary J. Mraz of counsel), for Keith G. Whitney, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed April 6, 2020, which, among other things, ruled that claimant is entitled to reimbursement for home health aide services.
Claimant established a workers' compensation claim for injuries to his low back, right hip and head, as well as a traumatic brain injury, postconcussive syndrome, cognitive impairment and hydrocephalus, stemming from a slip and fall on ice in December 2013. By reserve decision filed October 6, 2017, claimant was found to have a causally-related need for home health aide services to supervise him at all times.[FN1] Following various hearings and submission of documentation, the employer's workers' compensation carrier was deemed responsible for reimbursing claimant for home health aide services provided to claimant by various family members for the period June 15, 2015 through October 2, 2017.
Thereafter, at a December 12, 2019 hearing addressing, among other things, permanency of claimant's disability, the carrier asserted that the need for home health aide services was due to claimant's unrelated multiple sclerosis and, in the event that the carrier was still liable for reimbursement of such services (for which no reimbursement had been paid by the carrier subsequent to October 2, 2017), requested medical evidence of the ongoing need for such care as well as testimony regarding the care being provided. By decision filed December 12, 2019, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was permanently totally disabled and that, as per the October 6, 2017 decision, claimant was entitled to home health aide services on an ongoing basis, 24 hours a day, seven days a week. By decision filed April 6, 2020, the Workers' Compensation Board affirmed that decision, noting that the issue of claimant's entitlement to causally-related home health aide services had been established by the October 6, 2017 reserve decision from which no appeal had been taken and, further, that apportionment with regard to claimant's multiple sclerosis condition was inapplicable. This appeal by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) ensued.
We are unpersuaded by the employer's contention that there was no finding of claimant's need for home health aide services beyond October 6, 2017. The October 6, 2017 decision establishes that the WCLJ considered various medical testimony regarding claimant's injuries and need for home health aide care. Upon evaluation of such testimony, the WCLJ found "that claimant needs a home health aide to supervise him at all times." Although that decision also reimbursed claimant's family for providing home health aide services for a specified period, that does not affect or curtail the WCLJ's finding that claimant needs home health aide services at all times. As no appeal was taken by the employer from the WCLJ's decision, the decision establishing claimant's entitlement [*2]to home health aide services became final and conclusive (see Workers' Compensation Law § 23).[FN2]
Although claimant's entitlement to home health aide services was conclusively decided in the October 6, 2017 decision, and reimbursement was made for the care provided by claimant's family members for specified time periods, neither the October 6, 2017 decision nor any subsequent Board decision otherwise directs the rate or amount of the reimbursement for the causally-related home health aide service provided subsequent to October 6, 2017. It is within the Board's "authority to approve and fix the reasonable value of the services provided" (Matter of Manning v Niagara Mohawk Power Corp., 198 AD2d 561, 562 [1993]). Furthermore, the Board did not address the employer's request that information be provided to substantiate the actual home health aide services being provided to claimant subsequent to October 6, 2017 in order to determine the actual reimbursement owed. Although "[t]he employer shall be liable for the payment of the expenses of medical . . . or other attendance or treatment . . . for such period as the nature of the injury or the process of recovery may require" (Workers' Compensation Law § 13 [a]), including home care provided by a claimant's spouse (see Matter of Haney v Schiavone Constr., 195 AD2d 628, 629 [1993]), "the value of that care must be determined on a basis that reflects the realities of the situation" (Matter of Manning v Niagara Mohawk Power Corp., 198 AD2d at 563). As such, the matter must be remitted to the Board for further proceedings.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as awarded reimbursement for causally-related home health aide services; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Claimant's need for home health aide services was initially apportioned between the established disability and his unrelated multiple sclerosis based upon a November 20, 2017 decision by the Workers' Compensation Board. However, upon appeal, this Court reversed the November 2017 decision and found that apportionment was inapplicable to the instant claim (175 AD3d 1731 [2019]).

Footnote 2: We note that the Board still retains continuing jurisdiction to "make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workers' Compensation Law § 123; see Workers' Compensation Law § 22).