■ In the Matter of WILLIAM T. BRIGGS, Appellant, v KANSAS CITY FIRE & MARINE INSURANCE COMPANY et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered September 25, 1985 in

Albany County, which denied petitioner's application pursuant to Workers' Compensation Law § 29 (1) to apportion counsel fees.

In February 1984, while engaged in work for his employer, petitioner was injured in an automobile accident with a third party. He received medical benefits from respondents, the employer's workers' compensation carriers, totaling $1,700. He also commenced a civil tort action against the third party who was involved in the accident, which ultimately was settled for $17,000. The settlement was judicially approved by order entered May 9, 1985, over respondents' opposition. Since the medical benefits were paid in lieu of first-party, no-fault benefits which another insurer would otherwise have been required to pay under Insurance Law article 51, respondents were not entitled to any lien for such payments on the recovery (Workers' Compensation Law § 29 [1-a]). However, respondents expressly reserved their concededly valid rights to offset petitioner's net recovery (after deduction of counsel fees and expenses) of $11,298 against any future workers' compensation benefits *(cf. Matter of Robinette v Meyer Sign Co.,* 43 AD2d 458).

Subsequently, petitioner brought this application for equitable apportionment of counsel fees based upon the value of the total (including future) benefits respondents derived as a result of the third-party recovery. Petitioner claimed entitlement to a contribution of some $3,789 toward his legal costs, which represents an amount bearing the same ratio to such costs as his net recovery bore to the $17,000 gross settlement. Petitioner appeals from Special Term's denial of his application.

It was resolved in *Matter of Kelly v State Ins. Fund* (60 NY2d 131, 135) that, following recovery in a third-party action, equitable apportionment of litigation costs between a workers' compensation beneficiary and the compensation carrier under Workers' Compensation Law § 29 includes, not only a percentage of past benefits paid, but also of the present value of estimated future benefits against which the net proceeds of that recovery will be offset. The lien of the carrier is open-ended and is as extensive as the carrier's potential liability for benefits that may become actualized *(O'Connor v Lee Hy Paving Corp.,* 480 F Supp 716, 722).

Thus, respondents' contention here and before Special Term that they received no benefit as a result of petitioner's recovery is unpersuasive. The problem facing petitioner, however, is that there is no method by which the present value of that

benefit can be estimated at this time. While petitioner's initial injuries were apparently severe, his condition at the time of settlement of the third-party action, as found by the court approving it on the basis of reports of currently treating and examining physicians and of petitioner's own self-assessment, was one of substantial recovery with little prospect of future surgical intervention or any significant future medical expenses or lost wages. At the workers' compensation hearing held shortly before the instant application was made, petitioner was found to have had no disability. Therefore, Special Term correctly found that at the present time, the value of the future benefit derived by respondents as a result of petitioner's recovery in the action against the third party cannot be ascertained and is entirely speculative; and it is solely on that ground that we affirm. Contrastingly, *Matter of Kelly v State Ins. Fund (supra)* and similar cases which have sanctioned apportionment of litigation costs on the basis of inclusion of the present value of estimated future benefits *(see, O'Connor v Lee Hy Paving Corp., supra; Castleberry v Hudson Val. Asphalt Corp.,* 70 AD2d 228, 249-250 [Shapiro, J., concurring in part and dissenting in part]; *Wood v Firestone Tire & Rubber Co.,* 123 Misc 2d 812; *Matter of Di Meglio v Hartford Ins. Co.,* 116 Misc 2d 191) each involved a claimant who was then receiving ongoing compensation in the form of death benefits or for a total disability or scheduled loss of use, thereby permitting the carrier's future benefits to be quantified by actuarial or other reliable means.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.