■ In the Matter of THOMAS MCKEE et al., Respondents, v SITHE INDEPENDENCE POWER PARTNERS, Respondent. LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [722 NYS2d 195] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in extinguishing the lien of Liberty Mutual Insurance Company (Liberty Mutual), the workers' compensation carrier, on the damages awarded to petitioners in their underlying third-party action (see, Workers' Compensation Law § 29 [1]). Petitioners alleged that Liberty Mutual's share of the litigation expenses and the future benefits extinguished by the judgment in the underlying action (see, Matter of Kelly v State Ins. Fund, 60 NY2d 131) exceeded the amount of the lien, and thus the lien should be extinguished. We disagree. Petitioner Thomas McKee was not receiving ongoing compensation for a total disability or scheduled loss of use. Liberty Mutual's obligation to pay future benefits therefore cannot be quantified "by actuarial or other reliable means" (Matter of Briggs v Kansas City Fire & Mar. Ins. Co., 121 AD2d 810, 812; cf., Matter of Kelly v State Ins. Fund, supra), and the present value of the estimated future compensation payments that Liberty Mutual would have become obligated to make cannot be ascertained (see, Matter of Briggs v Kansas City Fire & Mar. Ins. Co., supra, at 811-812). We therefore reverse the order and remit the matter to Supreme Court to determine the amount recoverable by Liberty Mutual. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Lien.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.