■ BENJAMIN McCOMBER, Respondent, v LEHRER McGOVERN BOVIS, INC., et al., Defendants. LIBERTY MUTUAL GROUP, Nonparty Appellant. [818 NYS2d 1]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered December 27, 2004, which, in an action for personal injuries sustained at a work site, fixed nonparty-appellant workers' compensation carrier's lien in the amount of $23,355.68, unanimously affirmed, with costs.

Carrier paid plaintiff a total of $228,605.18 in continuous weekly payments of $400 beginning as of the date of the accident and ending three years later, shortly after the jury verdict that effectuated the "high-low" settlement agreement under which plaintiff recovered $14.5 million. Carrier admits that plaintiff is totally disabled and that it would have been required to pay him compensation benefits for life were it not for this recovery. Carrier further admits that using the $400 a week figure, the present value of the future compensation benefits it would have been required to pay plaintiff is $387,143.30, and that its equitable share of plaintiff's litigation costs is one-third. Given these circumstances, the motion court, in accordance with *Matter of Kelly v State Ins. Fund* (60 NY2d 131 [1983]), properly assessed carrier's share of plaintiff's litigation costs as a third of not only $228,605.18 (the past compensation benefits

paid) but also of $387,143.30 (the present value of the future compensation benefits not paid because of the recovery). The result is a reduction of carrier's lien from $228,605.18 to $23,355.68 ($1/3$ of $228,605.18 = $76,201.73. $228,605.18 - $76,201.73 = $152,403.45.$1/3$ of $387,143.30 = $129,047.77. $152,403.45 - $129,047.77 = $23,355.68).

We reject carrier's argument that the $400 a week it continuously paid plaintiff for over three years, through the trial and for almost two months thereafter, does not provide a reasonably certain basis for estimating the future benefits extinguished by the recovery (*cf. Matter of Briggs v Kansas City Fire & Mar. Ins. Co.*, 121 AD2d 810, 812 [1986], distinguishing, inter alia, *O'Connor v Lee Hy Paving Corp.*, 480 F Supp 716 [EDNY, 1979]; *Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891 [2001]). We also reject carrier's argument that plaintiff is not entitled to a *Kelly* reduction of its lien because, in violation of Workers' Compensation Law § 29 (5), he never obtained its consent to the settlement or the court's timely approval thereof. By its terms, section 29 (5) requires a carrier's consent to or judicial approval of a settlement only if the settlement is for less than the statutory amount of compensation benefits (*see e.g. Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *cf. Matter of Meachem v New York Cent. R.R. Co.*, 8 NY2d 293, 297 [1960] ["sole purpose" of section 29 (5) "is to prevent imprudent settlements of [third party] suits by the employee or his estate to the prejudice of the employer's (or carrier's) subrogated rights"]). Here, the recovery far exceeded what plaintiff would have received in future compensation benefits, and it cannot be argued that anything in the high-low agreement jeopardized carrier's lien. In any event, even if judicial approval of the settlement were required, the court properly exercised its discretion in giving such approval nunc pro tunc (*see Merrill v Moultrie*, 166 AD2d 392 [1990], *lv denied* 77 NY2d 804 [1991]). Concur—Andrias, J.P., Williams, Sweeny and McGuire, JJ.