In the Matter of PETER E. BISSELL, Respondent, v TOWN OF AMHERST et al., Respondents, and NEW YORK STATE INSURANCE FUND, Appellant. [914 NYS2d 832]—

Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered November 4, 2009. The judgment granted the application of petitioner to extinguish the lien of respondent New York State Insurance Fund.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying those parts of the petition seeking to extinguish a lien asserted by respondent New York State Insurance Fund against the proceeds that petitioner obtained in a third-party action and seeking to recover from that respondent its share of litigation costs related to future medical payments and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner sustained grave injuries while employed by respondent McGonigle & Hilger Roofing

Company and working on property owned by respondent Town of Amherst (Town). Although petitioner began receiving workers' compensation benefits, he commenced an action against his employer and the Town seeking damages for his injuries. On a prior appeal in that action, we modified the judgment in favor of petitioner and his wife (hereafter, plaintiffs) by, inter alia, setting aside the award of damages for past and future pain and suffering and granting a new trial on those elements of damages unless plaintiffs stipulated to reduced awards (*Bissell v Town of Amherst*, 56 AD3d 1144 [2008], *lv dismissed in part and denied in part* 12 NY3d 878 [2009]).

After an amended judgment was entered for $23,400,000, respondent New York State Insurance Fund (NYSIF) asserted a lien against the proceeds of the judgment in the amount of $219,760.34 for past payments of compensation and medical benefits. NYSIF recognized that it was obligated to contribute toward the litigation costs incurred by petitioner "in effecting the third-party recovery based both on the lien to be recovered and on the present value of future workers' compensation [benefits] being saved as a result of its credit right." Using the equitable apportionment percentage (EAP) of 33.5%, which represents the percentage that litigation costs bore to the third-party recovery, NYSIF calculated that its share of litigation costs was $171,840.37, and thus it sought to recover the difference of $47,919.97 from petitioner. NYSIF also recognized that it was required to contribute toward litigation costs to the extent that it received a benefit from forgone future medical payments, but it refused to include the present value of those payments in calculating its share of litigation costs. According to NYSIF, the present value of those future payments was "purely speculative" pursuant to *Burns v Varriale* (9 NY3d 207 [2007]). Rather, NYSIF proposed reimbursing petitioner "for any payment of compensable medical treatment that [he] makes from his own funds" based on the EAP of 33.5%.

Petitioner rejected that proposal and commenced this proceeding seeking to extinguish the NYSIF lien and to obtain a judgment against NYSIF in the amount of $1,399,734.80 for its share of petitioner's litigation costs. We conclude that Supreme Court erred in granting the petition in its entirety inasmuch as the benefit received by NYSIF based on forgone future medical payments should not be included in calculating its share of litigation costs.

Pursuant to Workers' Compensation Law § 29 (1), an employee who is injured "by the negligence . . . of another not in the same employ" may collect workers' compensation benefits

and may also pursue his or her "remedy" against the negligent party. If the employee elects to commence an action against the negligent party, the insurance fund or other carrier liable for the workers' compensation benefits "shall have a lien on the proceeds of any recovery . . . after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by [the Workers' Compensation Law] for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund . . . or [other] carrier" (id.). The employee may thereafter apply "for an order apportioning the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery" (id.). It is well established that the apportionment is calculated "according to the relative benefit derived by each party from the recovery . . . The carrier's equitable share of the litigation costs [is] a pro rata share of the total amount of the recovery inuring to the benefit of the carrier" (Matter of Kelly v State Ins. Fund, 60 NY2d 131, 136 [1983]). The purpose of such apportionment is "to stem the inequity to the [employee], arising when a carrier benefits from [the] employee's recovery while assuming none of the costs incurred in obtaining the recovery" (id. at 138). The benefit to the fund or carrier includes the past compensation paid, as well as "the value of estimated future compensation payments that, but for the employee's efforts, the carrier would have been obligated to make" (id.).

NYSIF concedes that its share of litigation costs must be based on the benefit resulting from past and future compensation benefits, as well as past medical benefits, but it contends that the value of forgone future medical payments should not be considered in calculating its share of litigation costs unless and until those payments are made. We agree. Petitioner correctly contends that the jury's award for future medical expenses cannot be deemed speculative inasmuch as we have already determined that the award was supported by the evidence (Bissell, 56 AD3d at 1148; see generally Ellis v Emerson, 57 AD3d 1435, 1437 [2008]; Faas v State of New York, 249 AD2d 731, 732 [1998]). That award, however, did not take into account the established rates of compensation for medical payments set by the Workers' Compensation Law (see § 13 [a]; 11 NYCRR part 68), and the only benefit received by NYSIF is the amount of forgone medical payments that would have been made under those rates. We thus conclude that the benefit received by NYSIF for forgone future medical payments has not been

established and that any determination of NYSIF's share of litigation costs with respect to those payments would be speculative (*see Burns*, 9 NY3d at 215; *Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891 [2001]; *Matter of Briggs v Kansas City Fire & Mar. Ins. Co.*, 121 AD2d 810, 811-812 [1986]). We therefore modify the judgment by denying those parts of the petition seeking to extinguish NYSIF's lien and seeking to recover from NYSIF its share of litigation costs insofar as the benefit received by NYSIF with respect to forgone future medical payments is included in the calculation of its share of litigation costs, and we remit the matter to Supreme Court for recalculation of NYSIF's share of litigation costs. Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.