[919 NYS2d 584]

In the Matter of the Claim of KAI STENSON, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, March 31, 2011

### APPEARANCES OF COUNSEL

*Michael P. Daly*, Manlius, for appellant.

*Gregory J. Allen, State Insurance Fund*, Liverpool (*Susan B. Marris* of counsel), for New York State Department of Transportation and another, respondents.

### OPINION OF THE COURT

MERCURE, J.P.

On this appeal, we are asked to consider the validity of certain limitations that the Workers' Compensation Board has placed on the applicability of *Burns v Varriale* (9 NY3d 207 [2007]). That case set forth a method of determining a workers' compensation carrier's equitable share of litigation costs incurred in obtaining a third-party recovery for claimants whose future entitlement to compensation benefits is speculative. As explained below, the Board has misconstrued the scope of *Burns* by ruling that the case applies only when a carrier's consent to settlement of a third-party action has been compelled by court order and the claimant has been classified with a permanent

partial disability prior to obtaining a third-party recovery. Accordingly, we reverse the Board's rejection of claimant's request for equitable apportionment under *Burns* and remit for further proceedings.

Claimant was awarded workers' compensation benefits for an injury to his back that he sustained in a work-related automobile accident. Thereafter, he commenced a third-party action, which was settled for $50,000. The employer's workers' compensation carrier, the State Insurance Fund (hereinafter SIF), consented to the settlement in April 2008 and "reserve[d] its right to take credit for claimant's net recovery when computing deficiency compensation pursuant to [Workers' Compensation Law § 29 (3) and (4)]." The consent to settlement also provided that SIF did "not waive any right(s) as to offsets against past, present, and future benefits" and that its "credit shall apply against any and all further claims which fall outside the range of 'first party benefits.'" SIF's existing lien of $13,501 for past benefits paid was satisfied from the settlement proceeds, and it discontinued paying claimant compensation during a "holiday" period until the offset against the net proceeds from claimant's third-party recovery—which totaled $19,444.45—was exhausted.

In April 2009, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant was permanently partially disabled and directed SIF to pay deficiency compensation to claimant in the amount of $350 per week beginning on May 1, 2009. It is undisputed that, at the end of the holiday period, the suspension of claimant's compensation payments had completely offset the $19,444.45 in net proceeds from his third-party recovery, with the result that the entirety of the benefit of that recovery accrued to SIF, despite claimant bearing the costs of the litigation in obtaining the recovery. Thus, claimant sought reimbursement pursuant to *Burns v Varriale (supra)* for SIF's equitable share of the litigation expenses relating to the benefit accruing to SIF when it discontinued payments to claimant during the holiday period. The WCLJ subsequently denied claimant's request for reimbursement from SIF, and the Board affirmed, prompting this appeal. We now reverse.

It is well settled that when a claimant obtains a third-party recovery, "[t]he carrier *must* . . . contribute the costs of litigation in proportion to the benefit it has received" as a result of the claimant's efforts in the third-party action (*Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 140 [1983] [emphasis added]; *see Burns v Varriale*, 9 NY3d at 213-214). In that regard, Workers'

Compensation Law § 29 confers two separate benefits upon a carrier: " 'a lien against the recovery for the amount of benefits disbursed by [the] carrier . . . and the right to offset a claimant's future compensation benefits by the amount of the claimant's net recovery in the third-party action' " (*Matter of Arena v Crown Asphalt Co.*, 292 AD2d 743, 745 [2002], quoting *Matter of Miller v Arrow Carriers Corp.*, 130 AD2d 279, 281 [1987]; *see* Workers' Compensation Law § 29 [1], [4]; *Matter of Brisson v County of Onondaga*, 6 NY3d 273, 277 [2006]). As a result, in "deficiency" cases such as this matter, the third-party "recovery inure[s] *only* to the benefit of the carrier because it relieves the carrier, for a time, from paying regular compensation benefits. The [claimant] has received no real benefit because he or she has not received anything that would not otherwise have been forthcoming had the third-party action never been brought" (*Matter of Kelly v State Ins. Fund*, 60 NY2d at 139).

To stem the inequity to a claimant occurring when a carrier reaps this significant benefit at the claimant's expense, the Court of Appeals has held that "the carrier's future benefit must be taken into account" in apportioning litigation costs if "it 'is not so speculative that it would be improper to estimate and to assess litigation costs against this benefit to the carrier' " (*Burns v Varriale*, 9 NY3d at 215, quoting *Matter of Kelly v State Ins. Fund*, 60 NY2d at 139). The carrier's future benefit is deemed speculative—and, thus, apportionment is not feasible at the time that the third-party recovery is obtained—when the "future benefit cannot be quantified by actuarial or other reliable means," i.e., in all instances other than those in which the claimant "receive[s] benefits for death, *total* disability or schedule loss of use" (*Burns v Varriale*, 9 NY3d at 215; *see Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891 [2001]; *Matter of Briggs v Kansas City Fire & Mar. Ins. Co.*, 121 AD2d 810, 812 [1986]). It must be emphasized, however, that "[e]ven if the present value of the future benefits cannot be ascertained at the time of [the] claimant's recovery in a third-party action, the carrier should be required to periodically pay its equitable share of attorney's fees and costs incurred by [the] claimant in securing any continuous compensation benefits" (*Burns v Varriale*, 9 NY3d at 217).

Moreover, "Workers' Compensation Law § 29 (5) requires either the carrier's [written] consent or a compromise order from the court in which a third-party action is pending for a claimant

to settle a third-party action and continue receiving compensation benefits" (*Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *see Matter of Brisson v County of Onondaga*, 6 NY3d at 278). If a carrier refuses to consent to a settlement or apportionment, a claimant may move in the trial court for judicial approval of the settlement, as well as equitable apportionment of litigation costs (*see* Workers' Compensation Law § 29 [1], [5]; *see e.g. Matter of Miller v Arrow Carriers Corp.*, 130 AD2d at 280). Under the statute, then, " '[t]he ultimate determination of the equitable apportionment of legal expenses . . . resides in the courts vested with the powers of fact finding and the exercise of a sound discretion' " (*Burns v Varriale*, 9 NY3d at 214, quoting *Becker v Huss Co.*, 43 NY2d 527, 544 [1978]).

When the carrier has consented to settlement, however, the question of "whether an employer [or carrier] adequately preserved its right to a future offset is a factual issue for the Board" (*Matter of Brisson v County of Onondaga*, 6 NY3d at 279; *see Matter of Whitcomb v Xerox Corp.*, 246 AD2d 947, 948 [1998]). Indeed, "the precise amount of the credit . . . , in the absence of a clear agreement between the parties as to the amount, is a question of fact for the Board" (*Matter of Arena v Crown Asphalt Co.*, 292 AD2d at 746 [citation omitted]). We note that the Court of Appeals has repeatedly held that a carrier seeking to preserve a future offset must do so explicitly and unambiguously because "claimants are unable to assess the ramifications of a settlement unless they know the status of the . . . . carrier's claims against settlement proceeds"; any "ambiguities [will therefore] be resolved against the carrier" (*Matter of Brisson v County of Onondaga*, 6 NY3d at 279 [internal quotation marks and citation omitted]; *see Matter of Hilton v Truss Sys.*, 82 AD2d 711, 712 [1981], *affd for reasons stated below* 56 NY2d 877 [1982]).

Here, the Board denied claimant's request for reimbursement pursuant to *Burns v Varriale (supra)*, concluding that the case was inapplicable for two reasons: first, the Board has ruled that *Burns* is relevant only when a claimant has been classified with a permanent partial disability prior to settlement of the third-party action; and, second, the Board reads *Burns* as applying only when settlement is compelled by compromise order because the carrier has refused consent. In our view, the Board's reading of *Burns* is overly narrow and perpetuates the inequities that the Court of Appeals sought to remedy in that case, as well

as in *Kelly* and *Brisson* (*see generally* Teff, *After Burns v Varriale: Essential Lessons For Workers' Compensation Third-Party Action Attorneys*, 83 NY St BJ 48, 50-51 [Jan. 2011]).

While *Burns* limited the *Kelly* rule—which required apportionment at the time of settlement—to cases in which the claimant received benefits for death, total disability or schedule loss of use, the Court of Appeals also directed, without limitation, that in other cases "the carrier *should be required* to periodically pay its equitable share of attorney's fees and costs incurred by [a] claimant in securing any continuous compensation benefits" (*Burns v Varriale*, 9 NY3d at 217 [emphasis added]). There is no requirement that the claimant be classified with a permanent partial disability to obtain continuing apportionment under *Burns*; rather, the requirement is that the compensation benefits upon which apportionment is based be nonspeculative, such as those that have accrued (*see id.*).

With respect to the Board's conclusion that *Burns* has no relevance unless a compromise order has been issued, we note that *Kelly* established—and *Burns* reaffirmed—that carriers are obligated to contribute the costs of litigation in proportion to the total benefit that they receive (*see id.* at 214; *Matter of Kelly v State Ins. Fund*, 60 NY2d at 140). Furthermore, *Burns* clarified that when future compensation is speculative at the time of settlement, the carrier has the obligation to pay its equitable share of litigation costs as benefits accrue (*see Burns v Varriale*, 9 NY3d at 217). Given this clearly established legal obligation on behalf of carriers prior to execution of the consent to settlement in this case, and in light of the rule set forth in *Brisson* that carriers must explicitly and unambiguously reserve any entitlement to future offsets, we conclude that SIF, in seeking to be released from its affirmative obligation to pay its share of litigation expenses, was required to express that release plainly and unambiguously in the consent to settlement agreement (*see Matter of Brisson v County of Onondaga*, 6 NY3d at 279). Contrary to the Board's determination that it lacks jurisdiction to determine claimant's request for *Burns* payments pursuant to the consent to settlement agreement, the question of whether the carrier adequately preserved its right to this portion of the future offset is a fact question for the Board (*see id.*). Inasmuch as the Board failed to determine this issue in light of the obligation on the carrier set forth in *Burns*, we must remit for a factual determination of the precise credit to which the carrier was entitled as an offset against future benefits (*see Matter of*

*Arena v Crown Asphalt Co.*, 292 AD2d at 746; *see also Matter of Hilton v Truss Sys.*, 82 AD2d at 712-713).

PETERS, MALONE JR., KAVANAGH and STEIN, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.