In the Matter of the Claim of WALTER MORPHEW, Appellant, v AERO TRANSPORTERS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 354]—

Mercure, A.P.J.

Claimant sustained work-related injuries to his head and shoulders in March 2004 and was awarded workers' compensation benefits. Thereafter, he commenced a third-party action, received a settlement offer of $725,000, and transmitted that proposal to the employer's workers' compensation carrier to request its consent. The carrier consented to the settlement, asserting a lien in the amount of $132,002.63 for compensation

payments already made.* Additionally, the carrier "specifically reserve[d] its rights to claim a credit and offset for the net amount of the settlement payable to [claimant] against any prior, subsequent or future claim for [w]orkers' [c]ompensation indemnity and/or medical benefits arising out of this occurrence." The carrier then suspended its indemnity payments to claimant based upon its offset against claimant's proceeds from the settlement.

Thereafter, in April 2010, the Workers' Compensation Board classified claimant with a moderate to marked permanent partial disability. In light of the fact that the carrier had suspended indemnity payments, claimant requested further action and, following a hearing, a Workers' Compensation Law Judge found that the carrier was required to contribute its share of the litigation costs associated with the offset amount by paying claimant a discounted rate of indemnity. On appeal, the Board reversed, finding that an award of such payments to claimant would alter the terms and conditions of the settlement consent agreement, which was beyond its jurisdiction. Claimant appeals and we now reverse.

In workers' compensation cases in which a claimant obtains a recovery in a third-party action, "carriers are obligated to contribute the costs of litigation in proportion to the total benefit that they receive" (*Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d 22, 27 [2011]; *see Burns v Varriale*, 9 NY3d 207, 214 [2007]; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 140 [1983]). Consequently, in cases in which future workers' compensation benefits are too speculative to apportion the carrier's litigation costs at the time of settlement, the carrier has a legal obligation to "pay its equitable share of litigation costs as benefits accrue" (*Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d at 27; *see Burns v Varriale*, 9 NY3d at 217). Although, in its consent to settlement, a carrier may seek to be released from its affirmative obligation to pay its share of litigation expenses, it is "required to express that release plainly and unambiguously in the consent to settlement agreement" (*Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d at 27; *see generally Matter of Brisson v County of Onondaga*, 6 NY3d 273, 279 [2006]). Thus, contrary to the Board's determination that it lacked jurisdiction, whether the carrier "plainly and unambiguously" absolved itself of its continuing responsibility to

---

* The total amount of the workers' compensation payments to claimant prior to settlement was $201,053.98, and the carrier accepted the reduced amount to account for its equitable share of the litigation costs commensurate with that figure.

contribute to the litigation costs consistent with its offset is a question of fact for the Board to resolve and, accordingly, the matter must be remitted (*Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d at 27).

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.