Mercure, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 1, 2011, which ruled that claimant was entitled to reimbursement for certain expenses.
The underlying facts are more fully set forth in our prior decision in this matter (84 AD3d 22 [2011]). As relevant here, claimant received a settlement of $50,000 in a third-party action that he commenced to recover for injuries sustained in a work-related automobile accident. The employer’s workers’ compensation carrier consented to the settlement, out of which $17,054.55 was paid to cover disbursements and counsel fees related to the third-party action. The carrier, which held a *1126 $20,455.39 lien for prior workers’ compensation benefits paid, accepted $13,501 in satisfaction of that lien, reflecting a 34% reduction for the carrier’s equitable contribution toward litigation costs. Thus, claimant was left with net proceeds of $19,444.45.
The carrier then ceased paying benefits from April 8, 2008 to May 1, 2009 to offset the full amount of the net recovery; thereafter payments resumed at the rate of $350 per week.[1] Because the carrier’s computation of its offset did not include a share of litigation costs beyond those associated with the satisfaction of its lien, claimant sought further action. The Workers’ Compensation Board held that the carrier had no obligation to contribute additional litigation costs, and this Court reversed (id.). We concluded that, pursuant to Burns v Varriale (9 NY3d 207 [2007]), the carrier was obligated to contribute to the costs of litigation for the ongoing offset benefit that it received from the settlement and, thus, we remitted to the Board for a factual determination of the credit to which the carrier was entitled (84 AD3d at 27). Upon remittal, the Board determined that, in calculating the offset, the carrier had not properly accounted for litigation costs and directed the carrier to reimburse claimant $6,611.11, representing 34% of the $19,444.45 net recovery. Furthermore, the Board ruled that the carrier had otherwise extended the holiday period longer than it had been entitled to do, and ordered it to pay claimant approximately $2,800 in deficiency compensation. The employer and the carrier appeal, and we now affirm.
As noted by claimant and the Board, the current appeal is primarily an effort by the employer and the carrier to relitigate issues that were resolved against them on the prior appeal. We reject the argument that the Board improperly fixed the equitable apportionment of litigation costs between the parties on remittal; rather, as directed in our prior decision, the Board considered the factual question of whether the consent to settlement agreement expressly released the carrier from its affirmative obligation to pay its share of the litigation costs as the offset — a benefit to the carrier in addition to the satisfaction of its lien — accrued (see Burns v Varriale, 9 NY3d at 214-215).[2] The Board’s determination that the carrier failed to plainly and *1127 unambiguously express its intent to be relieved from payment of its equitable share of litigation expenses relative to its offset right is supported by substantial evidence. Specifically, the carrier’s letter and form consenting to the settlement make no reference to that subject.
Inasmuch as those documents further establish that the carrier’s equitable share of the third-party litigation expenses was 34%, the Board properly applied that rate to claimant’s net recovery in calculating litigation costs associated with the carrier’s offset as amounting to $6,611.11. Contrary to the employer and the carrier’s assertions, it is well settled that a carrier’s equitable share of litigation costs must be apportioned not only upon the benefit received “by the recovery of its lien but also [on] the value of . . . future compensation payments that, but for the employee’s efforts, the carrier would have been obligated to make” during the holiday period (Matter of Kelly v State Ins. Fund, 60 NY2d 131, 138 [1983]; see Burns v Varriale, 9 NY3d at 214-215). We emphasize again that “[t]he carrier must . . . contribute the costs of litigation in proportion to the benefit it has received” as a result of the claimant’s efforts in obtaining a third-party recovery (Matter of Kelly v State Ins. Fund, 60 NY2d at 140 [emphasis added]), and that benefit includes “the extinguishment of [its] future obligation to make compensation payments” during the holiday period (id. at 139). Finally, the Board correctly determined that the carrier improperly extended the holiday period and, therefore, claimant must receive additional deficiency compensation of approximately $2,800. At the benefit rate of $400 per week, the carrier’s holiday should have expired on March 12, 2009, and claimant is entitled to seven weeks of compensation that the carrier failed to pay.
We have examined the remaining contentions of the employer and the carrier and conclude that they are without merit.
Peters, P.J., Rose, Lahtinen and Egan Jr., JJ, concur. Ordered that the decision is affirmed, without costs.

. Pursuant to a July 22, 2009 decision of a Workers’ Compensation Law Judge, claimant had been awarded $400 per week in benefits during the “holiday” period; benefits were reduced to $350 per week beginning May 1, 2009.

. This case is distinguishable from Burns in that the carrier consented to settlement without claimant first petitioning Supreme Court for an order compelling consent (Burns v Varriale, 9 NY3d at 210-211). In cases in which a court order approving settlement is necessary, or those in which there is no *1127 settlement and the third-party action proceeds to trial but the future benefit remains speculative after a verdict, “[t]he trial court, in the exercise of its discretion, can fashion a means of apportioning litigation costs as they accrue and monitoring (e.g., by court order or stipulation of the parties) how the carrier’s payments to the claimant are made” (id. at 217; accord Matter of Bissell v Town of Amherst, 18 NY3d 697, 702 [2012]). In contrast, as we explained in our prior decision, when the carrier has entered into a consent to settlement agreement, the Board has jurisdiction to interpret that agreement in determining the factual question of whether a carrier has expressly released itself from paying its equitable share of the claimant’s third-party litigation expenses, in relation to its future offset (84 AD3d at 26-27).