■ In the Matter of the Claim of ALBERT JAROVIC, Appellant, v ICON RESTORATION & CONTRACTING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [960 NYS2d 236]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed February 1, 2011, which ruled that the employer's workers' compensation carrier was entitled to a full credit against claimant's third-party settlement recovery.

The Workers' Compensation Board's decision in this claim, in which there was a significant third-party settlement, was rendered before our decision in *Matter of Stenson v New York State Dept. of Transp.* (84 AD3d 22 [2011]). Aspects of the Board's decision are inconsistent with *Stenson*. The Board incorrectly indicated that it lacked authority to address the manner in which the workers' compensation carrier took credit for the third-party recovery and it failed to specifically address whether the carrier had released itself from its obligation to contribute its proportional share of litigation costs. The Board has since changed its approach to such issues to conform to the holding in *Stenson* (*see Employer: Alpha Masonary*, 2011 WL 4847393, *4-6, 2011 NY Wrk Comp LEXIS 5151, *9-15 [WCB 8061 3130, Sept. 14, 2011]; *see also Employer: Marcon Dev. Corp.*, 2012 WL 6762129, *1-2, 2012 NY Wrk Comp LEXIS 10475, *3-7 [WCB 0041 6637, Dec. 31, 2012]; *Employer: Prudent Engineering LLP*, 2012 WL 1893311, *2, 2012 NY Wrk Comp LEXIS 6031, *3-5 [WCB 6070 4660, May 16, 2012]). The matter must thus be reversed and remitted to the Board (*see Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d at 27; *see also Matter of Morphew v Aero Transporters, Inc.*, 90 AD3d 1459, 1460-1461 [2011]).

Mercure, J.P., Rose and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.