■ In the Matter of MELANIE CLARK, Appellant, v NEW YORK CITY DEPARTMENT OF HUMAN RESOURCES ADMINISTRATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[986 NYS2d 879]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed November 1, 2012, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii).

Claimant was awarded workers' compensation benefits for numerous injuries she sustained when, in the course of her employment, she was struck by a falling window and office equipment. She settled a third-party action arising out of the accident for $725,000. The employer and its workers' compensation carrier consented to the settlement upon the understanding that the carrier's lien for past benefits paid would be satisfied out of the settlement proceeds, and that it would have "a credit for any future benefits owed the claimant until the proceeds of the recovery are exhausted" (*Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d 1013, 1014 [2013]; *see* Workers' Compensation Law § 29 [1], [4]). Claimant then sought reimbursement for the carrier's equitable share of legal expenses that she had incurred in the third-party action pursuant to *Burns v Varriale* (9 NY3d 207 [2007]). A Workers' Compensation Law Judge (hereinafter WCLJ) noted that an executed closing statement had not been provided, and declined to make an award until claimant submitted one (*see* 22 NYCRR 691.20 [b]). The Workers' Compensation Board upheld that decision and, moreover, assessed $500 in reasonable counsel fees against counsel for claimant (*see* Workers' Compensation Law § 114-a [3] [ii]). Claimant appeals, with the sole issue upon appeal being the propriety of the award of counsel fees.*

We affirm. Workers' Compensation Law § 114-a (3) (ii) permits the Board to assess reasonable counsel fees against an attorney "who has instituted or continued proceedings without reasonable grounds." Claimant here requested that the Board make an award pursuant to *Burns v Varriale*, but the carrier's credit for future benefits owed to her needed to be taken into account in apportioning litigation costs (*see Burns v Varriale*, 9 NY3d at 215; *Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d 22, 25 [2011]). Generally, future benefits do not begin to accrue until "the day that a claimant actually collects the recovery" in his or her third-party action (*Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d at 1014). The WCLJ accordingly found that he could not make a proper award without a signed closing statement that indicated the date of payment in the third-party action, and directed claimant

---

* While "the notice of appeal was filed in claimant's name, counsel should have filed the notice of appeal on [his] own behalf because the only issue on appeal pertains to the sanction against counsel" (*Matter of Banton v New York City Dept. of Corr.*, 112 AD3d 1195, 1196 n [2013]; *see Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d 1197, 1198 [2013]). We will, nevertheless, disregard this error in the absence of any demonstration of prejudice (*see* CPLR 2001; *Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d at 1198).

to produce that document. Claimant sought Board review of the WCLJ's decision, but did not assert that the WCLJ erred in requiring a signed statement and, indeed, filed one shortly after the decision was issued. Substantial evidence thus supports the determination of the Board that claimant's application for Board review was unnecessary and, as such, that an assessment of reasonable counsel fees against counsel for claimant was warranted (*see Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d 1197, 1198 [2013]).

Lahtinen, McCarthy, Garry and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.