*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 25, 2016                    519845
_____

In the Matter of the Claim of
    DWAYNE McQUEER,
                        Claimant,

        v                                    MEMORANDUM AND ORDER

ADIRONDACK TANK SERVICES, INC.,
    et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  August 18, 2016

Before:  Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Wolff, Goodrich & Goldman LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.

_____

Garry, J.P.

        Appeals (1) from a decision of the Workers' Compensation Board, filed January 2, 2014, which, among other things, ruled that the workers' compensation carrier's offset against the proceeds of claimant's third-party settlement had expired, and (2) from a decision of said Board, filed July 3, 2014, which denied a request by the employer and the carrier for reconsideration and/or full Board review.

In June 2000, claimant suffered work-related injuries and was subsequently awarded workers' compensation benefits. Thereafter, he settled a third-party action with the consent of the workers' compensation carrier. Issues then arose as to the extent and applicability of the carrier's offset pursuant to Workers' Compensation Law § 29, which were resolved in 2004 when claimant entered into a stipulation with the employer and the carrier (hereinafter collectively referred to as the carrier). The stipulation provided that the carrier would be entitled to a credit against future indemnity payments, but that causally related medical expenses would not be subject to the credit and would continue to be paid by the carrier. For the purpose of computing the length of the carrier's holiday from indemnity payments resulting from the offset, the parties agreed upon a weekly rate and stipulated that the carrier's holiday from payments would encompass 198.72 weeks. A Workers' Compensation Law Judge (hereinafter WCLJ) thereafter approved the stipulation, and the carrier ceased making indemnity payments.

Claimant did not seek further medical attention for his compensable injury until July 3, 2012, at which point he filed a medical report indicating that he was suffering from a causally-related total temporary disability. The carrier filed a request for further action seeking a hearing to address the applicability of Workers' Compensation Law § 25-a, and claimant likewise filed a request for further action seeking the resumption of indemnity payments and asserting that the carrier's holiday from indemnity payments had expired in January 2009. The carrier did not appear at the January 2013 hearing, at which claimant requested that his awards be resumed at a total rate as of July 3, 2012 based upon the expiration of the carrier's holiday and the uncontroverted medical evidence indicating that he was totally disabled. The WCLJ declined to address the applicability of Workers' Compensation Law § 25-a, as the carrier was absent. As to claimant's assertions, the WCLJ determined that the carrier's holiday had expired in January 2009 and that benefit payments should resume effective July 3, 2012. Upon review, the Workers'

Compensation Board affirmed.  The carrier's subsequent request for reconsideration and/or full Board review was denied.  The carrier appeals from both decisions.

We affirm.  The Board's decisions on questions of fact and the inferences to be drawn therefrom "[are] conclusive upon the courts if supported by substantial evidence" (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6 [1979]; see Matter of Ribar v County of Suffolk, 125 AD2d 801, 802 [1986]).  Here, the Board's factual finding that the carrier's holiday had expired was premised upon the parties' stipulation and their actions.  The plain language of the stipulation supports the Board's decision, setting forth the amount of the carrier's credit against indemnity payments, the rate to be applied for purposes of calculating the length of the holiday and the resulting agreed-upon duration of the holiday.  Other evidence in the record reveals that the stipulation was duly approved, awards were made accordingly, and the carrier filed documentation indicating that the case was "ON HOLIDAY" as of April 7, 2005.  Based upon these documents, the Board found that the carrier was entitled to a holiday extending until approximately January 28, 2009.[1]  The Board's finding that the holiday expired pursuant to the parties' stipulation in January 2009 is thus supported by substantial evidence in the record (see Matter of Stenson v New York State Dept. of Transp., 96 AD3d 1125, 1126-1127 [2012], lv denied 19 NY3d 815 [2012]).

Contrary to the carrier's claim, the Board's decision was not arbitrary and improper on the ground that it "depart[ed] from prior Board precedent and fail[ed] to explain the reasons for its departure" (Matter of Zaremski v New Visions, 136 AD3d 1176, 1177 [2016] [internal quotation marks and citations omitted]; see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]).  The carrier now contends that, pursuant to its

_____

[1]  The Board further noted that the WCLJ had declined to make any findings for the period between the end of the carrier's holiday and the next medical examination on July 3, 2012.

prior precedent, the Board should not have found that the holiday was exhausted because claimant did not meet his burden to produce medical evidence of a continuing causally related disability during the period of time subsequent to the carrier's suspension of indemnity payments (see Matter of Rothe v United Med. Assoc., 2 AD3d 1264, 1265 [2003]; Employer: Raymour's Furniture Co., Inc., 2006 WL 3336919, *2-3, 2006 NY Wrk Comp LEXIS 09603, *4-6 [WCB 6881 3322, Oct. 26, 2006]). Initially, we note that, although the notice of the January 2013 hearing specified that the duration of the carrier's holiday was to be decided at that time, the carrier failed to appear and has never provided an explanation or excuse for its absence. Accordingly, the WCLJ had no opportunity to address the carrier's argument, which was raised for the first time in its subsequent application for Board review (compare Matter of Hulbert v Cortland County Sheriff's Dept., 69 AD3d 987, 989 [2010], lv denied 14 NY3d 710 [2010]).

In any event, even if the contention had been raised before the WCLJ, a different outcome would not have been required. The parties' stipulation makes no reference to any ongoing responsibility on claimant's part to demonstrate a continuing causally related disability during the carrier's holiday; to the contrary, it plainly reveals the parties' agreement that claimant's disability continued throughout the holiday. No such stipulation was involved in the prior Board decision that the carrier incorrectly contends should have governed here (see Employer: Raymour's Furniture Co., Inc., 2006 WL 3336919 at *2-3, 2006 NY Wrk Comp LEXIS 09603 at *4-6). As that decision was not premised on similar facts, the Board was not required to explain why it reached a different result in this case, and the challenged decision — which fully sets forth the rationale on which it is based — is not arbitrary (compare Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d at 518; Matter of Hernandez v Taco Bell, Inc., 52 AD3d 891, 893 [2008]).

As for the carrier's remaining contention, we find no abuse of the Board's "sole discretion" in its denial of the carrier's

request for reconsideration and/or full Board review (Workers'
Compensation Law § 23).

Egan Jr., Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court