■ In the Matter of the Claim of NICK LALA, Respondent, v SITEWORKS CONTRACTING CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [56 NYS3d 368]—

Aarons, J. Appeal from a decision of the Workers' Compensation Board, filed December 22, 2015, which ruled that the carrier's credit under Workers' Compensation Law § 29 (4) was exhausted on August 20, 2013.

Claimant, a truck driver, filed a claim for workers' compensation benefits in connection with injuries that he sustained in an October 9, 2007 work-related motor vehicle accident. His case was established for injuries to both knees as well as his right hip, and his average weekly wage was set at $1,533.69. As a result of the accident, claimant commenced a third-party action that was settled on March 11, 2011 for $100,000 and he received a net recovery of $64,541.51 after deducting litigation expenses. The employer's workers' compensation carrier agreed to the settlement and, in its consent letter, reserved the right

to take a credit under Workers' Compensation Law § 29 (4) for future compensation awards against claimant's third-party recovery and also acknowledged its obligation to pay its proportionate share of claimant's litigation expenses under *Burns v Varriale* (9 NY3d 207 [2007]). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, awarded claimant temporary total disability benefits at the maximum rate of $500 per week and directed the carrier to pay to claimant 35.46% of that amount, or $177.30 per week, as part of its ongoing obligation under *Burns*, with the other $322.70 per week remaining suspended during the holiday period.\* This decision was later affirmed by a panel of the Workers' Compensation Board.

In subsequent proceedings, the WCLJ ruled that the carrier's credit under Workers' Compensation Law § 29 (4), as reduced pursuant to *Burns*, was exhausted as of August 20, 2013 and modified the prior awards accordingly. This decision was subsequently upheld by a panel of the Board. The employer and the carrier now appeal.

The employer and carrier contend that the Board miscalculated the amount of the credit and erroneously ruled that it was exhausted on August 20, 2013. We disagree. It is well settled that the credit to which a carrier is entitled under Workers' Compensation Law § 29 (4) does not relieve it from its responsibility to pay its equitable share of the litigation expenses incurred by a claimant in bringing a third-party action, which "may be apportioned on the basis of the total benefit that the carrier derives from the claimant's recovery" (*Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 135 [1983]; *see Matter of Stenson v New York State Dept. of Transp.*, 96 AD3d 1125, 1127 [2012], *lv denied* 19 NY3d 815 [2012]). The "total benefit" includes not only reimbursement for compensation that has already been paid, but also relief from the obligation to pay compensation in the future (*see Matter of Kelly v State Ins. Fund*, 60 NY2d at 139-140; *Matter of Stenson v New York State Dept. of Transp.*, 96 AD3d at 1127). Significantly, the Court of Appeals recognized in *Burns* that, even in cases in which the present value of future compensation benefits cannot be readily ascertained, "the carrier should be required to periodically pay its equitable share of [counsel] fees and costs incurred by [the] claimant in securing any continuous compensation benefits" (*Burns v Varriale*, 9 NY3d at 217; *see Matter of*

---

\* The WCLJ found that 35.46% was the percentage that claimant's litigation expenses bore to the gross settlement amount and the parties do not dispute this figure.

*Stenson v New York State Dept. of Transp.*, 84 AD3d 22, 25 [2011]).

Here, the WCLJ directed the carrier to make weekly payments of $177.30 to claimant in accordance with *Burns* and relieved the carrier of its obligation to pay the remaining $322.70 per week during the holiday period. Although the consent order specifically reserved the carrier's right to take the credit, it did not clearly set forth the manner in which the carrier's equitable share of litigation expenses would be taken into account in calculating the amount of the credit and this ambiguity may be resolved against the carrier (*see Matter of Brisson v County of Onondaga*, 6 NY3d 273, 279 [2006]; *Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d at 26; *compare Matter of McQueer v Adirondack Tank Servs., Inc.*, 142 AD3d 743, 744-745 [2016]). The WCLJ deducted the carrier's proportionate share of litigation expenses directly from claimant's net recovery to determine the amount of the credit and then divided this figure by $322.70, the portion of the $500 weekly compensation payments that the carrier was relieved of paying during the holiday period, to conclude that the credit was exhausted after 129 weeks—i.e., on August 20, 2013. The carrier, on the other hand, used claimant's net recovery from the third-party action as the amount of the credit without any deduction for its proportionate share of litigation expenses. This effectively increased the amount of the credit and extended the holiday period to 200 weeks—i.e., until January 6, 2015.

The carrier's calculation is inconsistent with the case law as well as the purpose behind the statute, which is to "stem the inequity to the claimant, arising when a carrier benefits from an employee's recovery while assuming none of the costs incurred in obtaining the recovery" (*Matter of Kelly v State Ins. Fund*, 60 NY2d at 138; *see Burns v Varriale*, 9 NY3d at 213-214). Accordingly, under the circumstances presented, we find no reason to disturb the calculation made by the WCLJ and adopted by the Board under which the carrier's credit was exhausted on August 20, 2013.

Garry, J.P., Lynch, Rose and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.