Matter of Rorapaugh v New Penn Motor Express LLC (2025 NY Slip Op 06370)

Matter of Rorapaugh v New Penn Motor Express LLC

2025 NY Slip Op 06370

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-0230
[*1]In the Matter of the Claim of Sally Rorapaugh, Claimant,
v
New Penn Motor Express LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed January 19, 2024, which ruled, among other things, that claimant was not required to obtain the consent of the employer's workers' compensation carrier to a settlement of her third-party action.
In July 2019, claimant's spouse (hereinafter decedent) was killed in a motor vehicle accident while working. Claimant filed a claim for workers' compensation benefits in August 2019 and, in July 2020, commenced a third-party action in the US District Court for the Northern District of New York seeking damages from the driver and the owner of the other vehicle involved in the accident. In February 2021, the parties to the third-party action filed a stipulation to dismiss the action in District Court, which was granted by the court. In August 2021, after being informed that claimant had settled the third-party action, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) argued that it had not consented to the settlement and requested that its payments on the claim be discontinued and that further payments are barred by Workers' Compensation Law § 29. Following various hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that the carrier's consent was not necessary because the amount claimant received in the settlement exceeded the total amount of workers' compensation benefits to which claimant was entitled under the claim.[FN1] The WCLJ set payments at a temporary total disability rate subject to the carrier's lien and any lien reduction. Upon administrative appeal, the Workers' Compensation Board modified the WCLJ's decision, affirming the part that found that the carrier's consent was not necessary.[FN2] The Board further calculated the reduction on the carrier's lien, rejecting the carrier's argument that it lacked jurisdiction to make such calculations. According to the Board, the carrier's lien on claimant's benefits was $109,402.81 and the carrier's apportioned share of claimant's third-party action litigation expenses was $223,934.36, resulting in the carrier owing claimant an additional $113,631.55 in fresh money (see Workers' Compensation Law § 29 [1]). The Board rescinded the WCLJ's classification of claimant's benefits as a temporary total disability but otherwise ruled that the weekly benefits would continue, subject to the carrier's credit. The carrier appeals.
The carrier initially argues that the Board erred in finding that the carrier's consent to the settlement of claimant's third-party action was not required. We disagree. Pursuant to Workers' Compensation Law § 29 (5), any settlement of a third-party action arising out of the same accident as a workers' compensation claim requires the carrier's consent "only if the settlement is for less than the statutory amount of compensation benefits" (McComber v Lehrer McGovern Bovis, Inc., 28 AD3d 402, 403 [1st Dept 2006]). Based upon credible evidence [*2]of claimant's age and life expectancy, the Board concluded that the full value of benefits claimant would receive over her expected remaining lifespan was about $1.2 million. Even if, as the carrier argues, claimant lives beyond her estimated life expectancy, given the significant disparity between what she would collect in benefits in her lifetime and the $5.9 million she received in the settlement, the carrier's consent to the settlement agreement was not necessary (see Workers' Compensation Law § 29 [5]; McComber v Lehrer McGovern Bovis, Inc., 28 AD3d at 403).
The carrier also challenges the Board's lien reduction calculations. "In the event that a claimant recovers in a third-party action, the compensation carrier is granted a lien on the amount of the recovery proceeds equal to the amount of past compensation it has paid" (Matter of Kelly v State Ins. Fund, 60 NY2d 131, 136 [1983] [citation omitted]; see Matter of Brisson v County of Onondaga, 6 NY3d 273, 277 [2006]). The carrier is responsible, however, for its equitable share of litigation expenses incurred by the claimant in the third-party action, which "may be apportioned on the basis of the total benefit that the carrier derives from the claimant's recovery" (Matter of Kelly v State Ins. Fund, 60 NY2d at 135). "In that regard, Workers' Compensation Law § 29 confers two separate benefits upon a carrier: a lien against the recovery for the amount of benefits disbursed by the carrier[,] and the right to offset a claimant's future compensation benefits by the amount of the claimant's net recovery in the third-party action" (Matter of Stenson v New York State Dept. of Transp., 84 AD3d 22, 24-25 [3d Dept 2011] [internal quotation marks, brackets, ellipsis and citations omitted]; see Workers' Compensation Law § 29 [1], [4]). Accordingly, the carrier's offset of claimant's future compensation benefits must be taken into account in apportioning litigation expenses (see Burns v Varriale, 9 NY3d 207, 215 [2007]; Matter of Stenson v New York State Dept. of Transp., 84 AD3d at 25).
"Should the [claimant] secure a recovery from [a third party], whether by judgment, settlement or otherwise, such [claimant] may apply on notice to such lienor to the court in which the third[-]party action was instituted . . . for an order apportioning the reasonable and necessary expenditures, including [counsel] fees, incurred in effecting such recovery" and "[s]uch expenditures shall be equitably apportioned by the court between the [claimant] and the lienor" (Workers' Compensation Law § 29 [1]). "Under the statute, then, the ultimate determination of the equitable apportionment of legal expenses resides in the courts vested with the powers of fact finding and the exercise of a sound discretion" (Matter of Stenson v New York State Dept. of Transp., 84 AD3d at 26 [internal quotation marks, brackets and citations omitted]; see Matter of Kelly v State Ins. Fund, 60 NY2d at 138; see also Martin Minkowitz, Prac Commentaries[*3], McKinney's Cons Laws of NY, Workers' Compensation Law § 29 ["An application to the court on notice to the lienor may be made to apportion such expenses if an agreement on such amount cannot be reached"]).
In light of the statutory language of Workers' Compensation Law § 29 (1) and the failure of claimant to obtain the carrier's consent to the settlement agreement, we conclude that her only recourse in obtaining the equitable apportionment of her legal expenses in the third-party action is to move for such an order in District Court (see Burns v Varriale, 9 NY3d at 214; Matter of Kelly v State Ins. Fund, 60 NY2d at 138; Becker v Huss Co., 43 NY2d 527, 544 [1978]); compare Matter of Stenson v New York State Dept. of Transp., 84 AD3d at 26).[FN3] Accordingly, under these circumstances, the Board does not have jurisdiction to determine the equitable apportionment of claimant's costs and expenses, and its finding that claimant be awarded $113,631.55 in fresh money must be reversed.
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as held that claimant was entitled to $113,631.55; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Although claimant had attempted to get a compromise order from District Court in lieu of the carrier's consent on August 27, 2021 (see Workers' Compensation Law § 29 [5]), the court rejected the request based upon the fact that, in their stipulation seeking dismissal of the third-party action, the parties failed to inform the court that the action had been settled and, in light of the court's subsequent dismissal of the action, it no longer had jurisdiction to make a compromise order.

Footnote 2: The Board noted that the third-party action was settled for $9 million, with a net recovery for claimant of about $5.9 million.

Footnote 3: The record reflects that claimant petitioned the Court of Common Pleas of York County, Pennsylvania Orphans' Court Division for approval of the settlement of the wrongful death action for $9 million, and the court granted claimant's petition and allocated that amount among claimant, decedent's heirs and claimant's attorneys. Insofar, however, as the court was not the one in which the third-party action was instituted, it does not satisfy the requirements of Workers' Compensation Law § 29 (1).